IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| VICKY, et al., <br>              Plaintiffs, <br>     v. <br> PAUL HOWARD STACKER, <br>              Defendant. | 6:17-cv-00776-AA <br> **ORDER** |

AIKEN, District Judge.

Plaintiffs seek a temporary restraining order ("TRO") prohibiting defendant Paul Stacker from transferring certain properties and assets which may be involved in his marital dissolution from Christine Stacker. Plaintiffs also request that Christine Stacker, who is notably not a named defendant in the present action, be restrained from encumbering, disposing of, dissipating, or changing the title or character of any real property, bank, credit union, or brokerage accounts, or trust property in which she and defendant have a joint interest, except under certain conditions. Pl. Unopposed Mot. for Temporary Restraining Order on Transfer of Assets, 2. For the reasons set forth below, plaintiffs' Motion is denied.

The same general legal standards govern temporary restraining orders and preliminary injunctions. Fed. R. Civ. P. 65; *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A plaintiff seeking such relief must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the plaintiffs favor; and (4) a preliminary injunction is in the public interest. *Winter v. Nat'l Resources Def Council*, 555 U.S. 7, 21 (2008). A court may not enter a preliminary injunction without first affording the adverse party notice and an opportunity to be heard. Fed. R. Civ. P. 65(1)(2); *People of State of Cal. ex rel. Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1322 (9th Cir. 1985). By contrast, an emergency temporary restraining order may be entered without notice. *See* Fed R. Civ. P. 65(b)(l)(A) (restricting availability of *ex parte* temporary restraining orders to situations in which "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.")

A temporary restraining order is not justified here for two reasons. First, there are no allegations in the petition or motion showing imminence of irreparable injury or loss. No affidavits or exhibits have been introduced showing that there is any likelihood that any of defendant's property will be transferred or otherwise encumbered before the conclusion of this case. Interestingly, the plaintiffs represent that defendant is unopposed to the property being enjoined.[1] This only heightens the Court's skepticism that a TRO is necessary in this case. If defendant also desires to ensure the preservation of certain financial- and property-related conditions which he already controls, then, presumably, there is no danger of him taking any adverse actions regarding that property.

---

[1] There are no representations as to whether Christine Stacker has also stipulated to such an order.

Page 2 – ORDER

Second, it is clear that a temporary restraining order under the Federal Rules of Civil Procedure is an improper vehicle for the relief sought by the parties. The parties request that the Court restrain defendant and a third party from transferring any interest that he has in any real property or in any bank or brokerage account until this matter is concluded or upon further court order. Axiomatically, a temporary restraining order expires fourteen days from entry into the record. *See* Fed R. Civ. P. 65(b)(2). Plaintiffs cite no authority for extending a TRO beyond its prescribed limitation, nor do they request an order to show cause why a preliminary injunction should not issue. The parties may refile the request as an adequately supported motion for preliminary injunction, requesting the injunctive relief sought here or enter into another private stipulation which they may find helpful.

## CONCLUSION

Plaintiffs' Motion for Temporary Restraining Order on Transfer of Assets (doc. 7) is DENIED. The parties are granted leave to refile a motion for a preliminary injunction pursuant to Fed R. Civ. P. 65.

It is so ORDERED and DATED this 13th day of June 2017.

_____
ANN L. AIKEN
U.S. District Judge